## Stewart's Appeal.

56	241
41SC	82

An alienee of the interest of an heir is entitled to partition in the same manner as the heir.

November 9th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Appeal from the decree of the Orphans' Court of *Allegheny county :* in the matter of the partition of the real estate of Uzziah Stewart, Sr., deceased : No. 2, to October and November Term 1867.

The defendant died seised of the premises, the subject of this partition, having devised them to his four children, William F. Stewart, Jane Stewart, Campbell Stewart and Uzziah Stewart, Jr., subject to a life estate in his wife, who survived him but a short time.

The share of William F. Stewart was sold by the sheriff to Margaret V. Bight. On the 2d of September 1865, she presented her petition to the Orphans' Court, setting out the facts, including her title, and prayed for an inquest to make partition. On the 18th of November 1865, the inquisition was returned and confirmed, and a rule on heirs granted returnable December 2d 1865, on which day no heirs appearing, a sale was ordered to take place on the 13th of January 1866. On that day Uzziah Stewart, Jr. presented his petition to the Orphans' Court, setting out that he was the owner of William F. Stewart's interest in the land, by a title anterior to Mrs. Bight's, and that at the time of the judgment against William, and of the sheriff's sale on it, William had no interest in the land ; that Mrs. Bight had recovered William's interest in an action of ejectment brought in 1864 ; and, that he had brought an action for the recovery of the premises from her, and prayed the court to stay the sale till that action should be determined.

On the same day on which the court refused the application, a sale was made, which, on the 27th of February 1866, was set aside, and on that day an application was made for an alias order of sale, which was held under advisement until the 22d of September, when the order was issued—the sale to take place on the 23d of October. On the 15th of October the defendant appealed. Notwithstanding the appeal, the trustee directed to make the sale proceeded under the order, and sold the premises. This also was set aside, on the ground that the Orphans' Court had no power to confirm it after an appeal had been taken to the Supreme Court.

The appellant assigned for error :—

1. The petitioner, Margaret V. Bight, was not an heir, nor were any of the heirs minors, and the whole proceedings are illegal.

6 P. F. SMITH—16

[Stewart's Appeal.]

2. The inquisition was taken on the ground after the first day of the term to which the writ was returnable, and, on November 18th 1865, when the term had nearly expired, was brought into court and confirmed absolutely without notice to parties.

3. The inquisition and returns of the sheriff do not show, nor does any part of the proceedings show, when the inquest was held ; whether at the time the parties were notified it would be held, or at some other time.

4. The court erred in dismissing the petition of Uzziah Stewart, and in not staying all proceedings until the determination of the pending ejectment ; and in ordering an alias sale on September 22d 1866, by their decree of that date.

5. The court erred in granting any order of sale, without first granting a rule on the heirs, returnable at the next term of the court, to show cause why such decree of sale should not be made.

*R. & S. Woods*, for appellant, cited Acts of March 29th 1832, § 36, Pamph. L. 201 ; April 13th 1840, § 4, Pamph. L. 320 ; April 10th 1849, § 10, Pamph. L. 596, Purd. 292, 293, pl. 124, 125, 126.

*J. Barton*, for appellee, cited Rees *v.* Livingston, 5 Wright 117 ; Herr *v.* Herr, 5 Barr 431 ; Merklein *v.* Trapnell, 10 Casey 42 ; Whiteside *v.* Whiteside, 8 Harris 474.

The opinion of the court was delivered, November 14th 1867, by

READ, J.—This was a case of testacy, wherein the decedent had devised a part of his real estate to his four children, and the share of one of the children became vested in Mrs. Margaret Bight by a sheriff's sale, in which case the Orphans' Court had jurisdiction by the 10th section of the Act of 10th April 1849, Pamph. L. 596, and the alienee under the decision in Ragan's Estate, 7 Watts 442, became entitled to partition in the same manner as the child whom she represented.

This disposed of the first, and only apparent real objection to the proceedings in the Orphans' Court. The appellant having given no copy of the record, upon looking at the appellee's paper-book, it is clear the proceedings were all regularly conducted ; and this disposes of the 2d, 3d and 5th assignments of error, and the 4th possesses no merit whatever, one ejectment having been decided in favor of Mrs. Bight, and the second was evidently brought only for delay. The court therefore committed no error. After this appeal was taken, the order of sale and all proceedings under it have been set aside by the court below, and the appellant has gained still further time, a motion having been made to quash this appeal on the ground that the decrees were not definitive, we

think it proper to say, that this decision on the merits is not to be considered as a decision that such an appeal cannot be quashed.

That is an open question not in any manner affected by our decision in this case.

Appeal dismissed, and decree affirmed at the costs of the appellants.